# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1137V

|  |  |
|---|---|
| CYNTHIA BELL-BONDS,<br><br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: March 6, 2026 |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 25, 2024, Cynthia Bell-Bonds filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on September 16, 2021. Petition, ECF No. 1. On March 13, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 21. On June 6, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 30.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $63,745.75 (representing $55,763.35 in fees and $7,982.40 in costs incurred by Petitioner's counsel of record: Bruce Slane, plus $1,572.89 in fees and costs incurred by Petitioner's former counsel: Mark Sadaka. Application for Attorneys' Fees and Costs ("Motion") filed November 12, 2025, ECF No. 35. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 35-3 at 2.

Respondent reacted to the motion on November 17, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 36. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by the Petitioner's current counsel, Bruce Slane and Christian Martinez, through the end of 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Petitioner has also requested the hourly rate of $385.00 for 2024 work performed by attorney Jeremy Barberi, representing a rate increase of $10.00 from the previous year. I find the proposed rate to be reasonable and hereby award it herein. The rates requested for work performed by Petitioner's previous counsel, Mark Sadaka, through the end of 2022 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was also reasonably incurred.

Petitioner's current counsel has otherwise provided supporting documentation for all claimed costs. ECF No. 35-2 at 2-160. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

Petitioner's former counsel requests $101.59 in overall costs. ECF No. 35-4 at 4-8. Such costs reflect the expenses of postage fees and an administrative fee. I have reviewed the requested costs but find that Petitioner's counsel has not provided a detailed invoice for the administrative fee supporting the services that cost $100.00. Before reimbursement of costs can be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[3]

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

2

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. See, e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I will disallow reimbursement of the administrative fee. **Application of the foregoing reduces the amount of fees to be awarded to Petitioner's former counsel by $<u>100.00</u>.**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $65,218.64 as follows:**

**A lump sum of $63,745.75, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Bruce William Slane's IOLTA account for prompt disbursement; and**

**A lump sum of $1,472.89, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Mark Theodore Sadaka's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.